IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Damon L. Walburg,                               :

        Petitioner              :       Civil Action 2:11-cv-01108

v.                                              :       Judge Marbley

Norm Robinson, Warden                           :       Magistrate Judge Abel

        Respondent              :

# ORDER

Petitioner Damon L. Walburg, a State prisoner, brings this action under 28 U.S.C. §2254 alleging that he is in custody in violation of the Constitution of the United States. This matter is before the Court on Magistrate Judge Abel's December 23, 2011 Report and Recommendation that the petition for writ of habeas corpus under 28 U.S.C. §2254 be denied.

On January 5, 2012, petitioner Damon L. Walburg filed objections to the Report and Recommendation. Petitioner argues that under state and federal law, a void judgment, order or decree may be attached at anytime in any court either directly or collaterally. Walburg maintains that three complaints were filed against him in municipal court, all of which were dismissed by the judge at the request of the prosecutor. Walburg argues that he should have been released from the county jail rather than illegally bound over to the court of common pleas. He maintains that the

1

judgments against him are void, and petitioner for writ of habeas corpus should be granted.

The Magistrate Judge correctly stated that a state prisoner seeking federal habeas corpus relief must first exhaust the remedies available to him in the state courts. 28 U.S.C. §2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). In Ohio, this includes direct and delayed appeal to the Ohio Court of Appeals and the Ohio Supreme Court. *Mackey v. Koloski,* 413 F. 2d 1019 (6th Cir. 1969); *Allen v. Perini,* 424 F. 2d 134, 140 (6th Cir. 1970). It also includes the remedy of a petition for post-conviction relief under Ohio Revised Code §2953.21. *Manning v. Alexander*, 912 F. 2d 878 (6th Cir. 1990). A habeas petition in federal district court containing claims which have not yet been exhausted must be dismissed. *Rose v. Lundy,* 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); *Pilette v. Foltz*, 824 F. 2d 494 (6th Cir. 1987).

The petition alleges that Walburg appealed his convictions, which were affirmed September 20, 2011 by the Ohio Court of Appeals for the Tenth Appellate District. He did not move for leave to appeal to the Supreme Court of Ohio.

A defendant has forty-five days after a Court of Appeals' decision affirming the judgment of conviction to file a motion for leave to appeal to the Supreme Court of Ohio. Rule II, §2(A)(1)(a), Rules of Practice of the Supreme Court of Ohio. Failure to timely file a motion for leave to appeal waives the claims raised on direct appeal. *See Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir.2001). A delayed appeal is also available to the Supreme Court of Ohio under Rule II, §8, Rules of Practice of the Supreme Court of

Ohio. Having failed to file a motion for leave to appeal from the Court of Appeals' decision affirming his conviction to the Supreme Court of Ohio, petitioner has not exhausted his available Ohio court remedies.

Upon *de novo* review as required by 28 U.S.C. §636(b)(1)(B), the Court ADOPTS the Report and Recommendation.

The petition for writ of habeas corpus is DENIED. This action is hereby DISMISSED. The Clerk of Court is DIRECTED to enter JUDGMENT for respondent.

 s/Algenon L. Marbley
Algenon L. Marbley
United States District Judge
